IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANDA ALSTON,<br>In her own right, and as next<br>friend of her daughter, C.A.<br>1911 Savannah Street, SE<br>Washington, D.C. 20020<br><br>C.A., a minor,<br>By her mother and next friend,<br>Chanda Alston,<br>1911 Savannah Street, SE<br>Washington, D.C. 20020<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br>John A. Wilson Building<br>1350 Pennsylvania Ave., NW<br>Washington, D.C. 20004,<br><br>CLIFFORD JANEY,<br>In his official capacity as,<br>Superintendent,<br>District of Columbia Public Schools<br>825 North Capitol Street, NE<br>Washington, D.C.20002,<br><br>    Defendants. | Civil Action No._____ |

**COMPLAINT**
**(for Stay Put Injunctive Relief and for attorney's fees)**

## INTRODUCTION

This civil action is brought pursuant to 42 U.S.C. § 1983 to enforce Plaintiffs' right, under the Individuals with Disabilities Education Act, as amended, 20 U.S.C.§§1400 et seq ("IDEA"), to a Stay-Put placement.

IDEA obligates the D.C. Public School System ("DCPS") to implement an Individualized Education Program ("IEP") that has been developed in accordance with 20 U.S.C. § 1414 and to make an educational placement of that student, based on his or her IEP in an appropriate program/ school. IDEA provides for an administrative "due process" hearing, to which a parent can bring any dispute over a child's education. IDEA requires that pending that hearing or any judicial proceeding, a child remain in his or her "then current educational placement," also referred to as the child's "Stay Put" placement. 20 U.S.C. Section 1415(j).

The Stay Put provision protects the due process rights of the parent and child, by maintaining the placement that was last agreed to by the parent and DCPS. Where the "then current placement" is no longer available, IDEA requires that a placement equivalent to that placement be provided.

Plaintiffs bring this action to enforce C.A.'s right to her Stay Put placement, pending resolution of their disputes with DCPS through the administrative process and any appeal thereof.

## I.
## JURISDICTION

1. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3), 20 U.S.C. 1415(j), 29 U.S.C. § 794, 42 U.S.C.§ 1983, 28 U.S.C. §§ 2201, 2202,1331, 1333 and 1343. Venue lies in the District of Columbia pursuant to 28 U.S.C. §1391.

## II.
## PARTIES

2. Plaintiff C.A. is a thirteen-year old resident of the District of Columbia, is a child with a disability within the meaning of IDEA and a handicapped person within the meaning of Section 504. This action is brought on her behalf by her mother, Mrs. Chanda Alston.

3. Plaintiff Chanda Alston is a resident of the District of Columbia and is the mother of C.A. She brings this action on her own behalf and on behalf of her daughter.

4. Defendant District of Columbia ["DC"] is a municipal corporation responsible for ensuring that DC agencies that receive federal funds comply with their obligations under District and federal law, including IDEA, Section 504 and their implementing regulations.

5. Defendant Clifford Janey is Superintendent of DCPS, which receives Federal educational funds and receives funding under IDEA. As superintendent Defendant Janey is responsible for implementing policies, plans and procedures that conform with the requirements of IDEA and Section 504, as well as federal and municipal regulations implementing those statutes.

## III
## FACTUAL ALLEGATIONS

6. C.A. is a student who has been determined eligible for special

3

education services as "Multiply Handicapped." Her primary disabilities have been mental retardation and emotional disturbance. In 2002, C.A. was placed by DCPS at the Grafton School, a residential placement in Rockville, MD.

7. In Spring 2003, C.A.'s Grafton/DCPS IEP Team determined that C.A. required both a residential placement at Grafton and a day instructional program at Cabin John MS, in a "School/Community Based" special education program there.

8. Although DCPS approved the Spring 2003 IEP, it failed to submit to the Montgomery County Public School System the payment authorizations that were required for C.A. to register at the Cabin John program. When Mrs. Alston and the Grafton IEP Team pursued the matter of payment, DCPS issued a notice of placement, re-classifying C.A. and changing her placement to a D.C. public school program for the mentally retarded.

9. On August 22, 2003, an impartial hearing officer upheld the Grafton IEP Team's determination and ordered DCPS to fund C.A.'s placement both at Grafton and at Cabin John.

10. Thereafter, DCPS informed Grafton staff that it would submit the requisite payment and other authorizations to the Montgomery County Public School System so that C.A. could register at Cabin John. DCPS delayed in the submission of one form or another, until Spring Semester 2005, with the result that C.A. lost approximately two years of

instruction in the day program that her IEP had identified as necessary in Spring 2003.

11. In Summer 2005, Grafton staff learned that DCPS had failed to submit the payment and other authorizations required by the Montgomery County Public School System in order for C.A. to register at Cabin John for the 2005-2006 school year.

12. Grafton staff requested the necessary authorizations from DCPS, without result. As a consequence C.A. was not able to register for Cabin John at the beginning of the 2005-2006 school year.

14. Mrs. Alston filed a due process complaint on September 13, 2005 with the DCPS Student Hearing Office, asserting her Stay Put right to maintain C.A. at Cabin John and Grafton both pursuant to the August 2003 Hearing Officer's Determination and pursuant to 20 USC § 1415(j).

15. Thereafter, Mrs. Alston filed a Complaint in this Court, seeking, inter alia, Stay Put Injunctive Relief. This Court ordered Stay Put relief on September 26,2005, ordering DCPS to forthwith fund C.A.'s placement at Cabin John MS.

16. On November 22, 2005, following a Due Process Hearing before the DCPS Student Hearing Office, an impartial hearing officer found that C.A.'s IEP required a dual placement at Cabin John MS and Grafton, which DCPS had failed to provide, and ordered, inter alia, compensatory relief.

17. On or about January 2005, Grafton School informed DCPS that it would close the Rockville Campus attended by C.A.

18. On or about February 18, 2006, Grafton closed its Rockville Campus.

19. Since that date DCPS has failed to locate a substitute residential placement for C.A. and has failed to respond to communications from Grafton School and from Mrs. Alston requesting a substitute residential placement for C.A.

20. On May 5, 2006, Mrs. Alston filed a Due Process Complaint with the DCPS Student Hearing Office. Mrs. Alston's Complaint alleged that DCPS had violated IDEA by failing to provide C.A. with a Free Appropriate Public Education, by failing to provide her with the placement called for by her IEP, and by changing her placement without complying with the substantive and procedural requirements of IDEA. Mrs. Alston asserted her daughter's Stay-Put right in her Complaint.

21. Defendants have violated and are in on-going violation of Plaintiffs' due process rights under the IDEA.

22. Defendants have violated and are in on-going violation of Plaintiffs' IDEA rights to a to a Free Appropriate Pubic Education.

23. Defendants actions are prohibited by 42 U.S.C. Section 1983, which bars them from denying Plaintiffs the rights granted them by IDEA.

**IV**
**THE STATUTE**

24. IDEA obligates DCPS to comprehensively evaluate a child with disabilities to determine what specialized instruction, related services and supplemental aids the student requires in order to obtain some meaningful benefit from his education. 20 U.S.C. §1412(a)(7), 1414(a)-(c). IDEA requires that an IEP be created that addresses the educational needs demonstrated by the child's evaluations, and entitles a child to specialized instruction and related services provided in an educational program/placement that is based on his IEP. 20 U.S.C. ,§§ 1401(9), 1414(d).

25. IDEA obligates DCPS to implement an Individualized Education Program ("IEP") that has been developed in accordance with 20 U.S.C. § 1414 and to make an educational placement of that student, based on his or her IEP in an appropriate program/ school, 20 U. S.C. §§ 1401(15), 1414(d); 34 C.F.R. §§ 300.551---300.554. IDEA recognizes that children with disabilities will require a wide range of placements, depending on the severity or intensity of their individual needs, and requires that DCPS have available a continuum of programs/placements, ranging from those that are carried out in the regular education classroom—the least restrictive setting—through those carried out in classrooms containing only children with disabilities, to programs that are carried out in residential treatment facilities or hospitals, where children are instructed only with other disabled

children, in settings outside the school and community . 20 U.S.C. §§ 1401(29), 1412(a)(5).

26. IDEA provides for an administrative hearing, a "due process" hearing, to which a parent can bring any dispute over a child's evaluation, IEP, or placement. 20 U.S.C. §1415(b)(6). IDEA requires that during the pendency of any administrative or judicial proceeding regarding a complaint between the parent and the school district, a child remain in his or her "then current educational placement." 20 U.S.C. §1415(j); 34 C.F.R. § 300.514(a). The student's "then current educational placement" is also known as the student's "Stay Put placement." The purpose of the Stay Put provision is to protect the due process rights of the parent and child, by preserving the placement that was the most recent placement agreed upon by both the parent and DCPS. Where for one reason or another, the "then current placement" is not available, IDEA requires that a placement equivalent to the last agreed upon placement be provided to serve as the Stay Put placement.

## IV
## VIOLATIONS OF LAW

27. Plaintiffs incorporate and re-allege Paragraphs 1- 26. Defendants have violated and continue to violate Plaintiffs' Due Process Rights under 20 U.S.C. Section 1415(j), and implementing regulations, by failing to maintain C.A. in her Stay Put placement and by failing to provide her

with a substitute residential placement when Grafton closed its Rockville campus.

28. Plaintiffs incorporate and re-allege Paragraphs 1 – 27. Defendants have violated 42 U.S.C, Section 1983, which prohibits Defendants from denying Plaintiffs the rights granted them under IDEA.

29. Plaintiffs incorporate and re-allege Paragraphs 1-28. Defendants have violated and continue to violate of 20 U.S.C. Sections 1412 through 1415, which require Defendants to provide C.A. a placement that conforms to her IEP.

## V
## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for Plaintiffs and:

1) Issue Stay Put injunctive relief, requiring that Defendants maintain C.A.'s residential placement; and

2) This Court order Defendants to pay Plaintiffs' reasonable attorney's fees and expenses; and

3) This Court grants Plaintiffs such other relief as the Court may deem just or reasonable.

Respectfully submitted,

Karen D. Alvarez
D.C. Bar No. 423186
1442 Foxhall Rd, N.W.
Washington, D.C. 20007
(202) 333-8553

9

202-333-1546(Fax)

May 5, 2006