**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHANDA ALSTON, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Civ. Action No. 06-0836(RMU)** |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| **Defendants.** | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION FOR EMEMRGENCY STAY PUT RELIEF**

Defendants, by counsel, hereby respond to Plaintiffs' Motion for Emergency Stay Put

Relief, filed May 5, 2006 ("Motion"). For the reasons set forth below, there is no merit whatever

to the Motion and, based on the content of the Complaint itself, the action herein should be

dismissed forthwith.

**PRELIMINARY STATEMENT**

On September 22, 2005, Plaintiff's counsel, Karen Alvarez, filed a Motion for Temporary

Restraining Order in Laster et al., v. District of Columbia, et al., CA No. 05-1875. Plaintiffs in

the above captioned case were also plaintiffs in the Laster case. At issue in Laster was

Defendants' failure to fund Plaintiffs' educational placement at the Cabin John Middle School in

Potomac, Maryland. In a Memorandum Opinion ("MO") and subsequent Order issued

September 26, 2005, this Court found that: (1) the 2005-2006 IEP constituted C.A.'s current

placement for purposes of the IDEA's stay put provision; and (2) that the 2005-2006 IEP

required a residential placement at the Grafton School, combined with a day instructional

program for special education students at the Cabin John Middle School. *See MO, p. 8.*

Defendants were ordered to provide documentation, authorization and proof of payment enabling

C.A. to remain at Grafton and attend Cabin John School.

Defendants provided the documentation ordered by the Court, and continued to fund

C.A.'s housing and schooling through February, 2006.

At some point, Defendants learned that Grafton was scheduled to close on February 18,

2006.  On February 14, 2006, Defendants called a Multidisciplinary Team meeting to determine

where C.A. would reside and attend school after the closure.  Representatives from Grafton,

DCPS, C.A.'s mother, Chandra Alston, and Plaintiffs' counsel, Ms. Alvarez, participated in the

meeting.  The team decided that C.A. would return home to live with her mother, and would

continue to attend Cabin John School.  DCPS agreed to transport C.A. from home to school.  Ms.

Alston agreed with the team's decision.  *See Defendants' Exhibit A.*

Plaintiffs Motion seeks emergency relief pursuant to 20 U.S.C. §1415(j), the so-called

"stay put" provision of the statute, and Fed. R. Civ. P. 65(b), which governs temporary

restraining orders.  Plaintiffs seek an order requiring Defendants to maintain C.A.'s current IEP

program and placement, refer C.A. for placement at a residential facility, to place C.A. at such a

facility, and to provide any assistance required for C.A. to be interviewed at such a facility.

## ARGUMENT

### I.    The Applicable Standards for Injunctive Relief.

In order to obtain injunctive relief, Plaintiffs must satisfy *each* prong of the following four-

part test: (1) that there is a substantial likelihood of success on the merits; (2) that there is an

imminent threat of irreparable harm should the relief be denied; (3) that more harm will result to

plaintiffs from the denial of the injunction than will result to the defendants from its grant; and

(4) that the public interest will not be disserved by the issuance of the requested order. District of

Columbia v. Group Ins. Admin., 633 A.2d 2, 21–24 (D.C. 1993); Barry v. Washington Post Co.,

529 A.2d 319, 320–321 (D.C. 1987); In re Antioch Univ., 418 A.2d 105, 109 (D.C. 1980);

Wieck v. Sterenbuch, 350 A.2d 384, 387 (D.C. 1976); Washington Metro. Area Transit Comm'n

v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.Cir. 1977); Virginia Petroleum Jobbers Ass'n v.

Federal Power Comm'n, 259 F.2d 921, 925 (D.C.Cir. 1958).

**II.      The Plaintiffs are Not Entitled to a Injunctive Relief in This Case.**

   **A.      The Plaintiffs will not succeed on the merits of their claims.**

   **1.   There is no Stay Put Violation because C.A.'s Educational Placement has Not Changed.**

C.A.'s 2005-2006 IEP, which this Court upheld in the September 26, 2005 Memorandum

Opinion, placed C.A. at Cabin John Middle School.  C.A. had attended Cabin John since

September, 2005, and continues to attend Cabin John to date.  DCPS continues to fund C.A.'s

attendance at Cabin John and is currently providing transportation from C.A.'s home to the

school each school day.

20 U.S.C. §1415 (j) provides that "during the pendency of any proceedings conducted

pursuant to this section, unless the State or local educational agency and the parents otherwise

agree, the child shall remain in the then-current educational placement of the child."

C.A.'s current educational placement is Cabin John Middle School.  That placement has

not changed.  Accordingly, there is no stay put violation.

   **2.   Grafton is not C.A.'s "Educational Placement" pursuant to IDEA.**

One's "educational placement" generally means a setting that provides educational

instruction such as "regular classes, special education classes, special schools, home instruction,

or hospital or institution-based instruction," White ex rel. White v. Ascension Parish School

Bd., 343 F.3d 373, *380 (C.A.5 La., 2003). *See also* 34 C.F.R. 300.551. Cabin John Middle

School is C.A.'s educational placement.

C.A.'s most recent IEP differentiates between Cabin John and Grafton. "I attend Cabin

John Middle School for functional academics and reside at Grafton Group Home. *See Plaintiffs'*

*Motion, Exhibit A, p. 5.* "Academically, [C.A.] is currently placed at Cabin John Middle School

in Montgomery County." Id., p. 6.

Plaintiffs have presented no evidence to suggest that Grafton is providing educational

instruction. Accordingly, since Grafton is not C.A.'s educational placement pursuant to IDEA,

C.A.'s non residence at Grafton is not tantamount to a stay put violation.

### 3. **Even if Grafton is Considered a Component of C.A.'s Educational Placement, there is no Stay Put Violation because C.A.'s Parent Consented To C.A.'s Return Home.**

Upon learning of Grafton's impending closure, the parties met on February 14, 2006, to

determine where C.A. would reside, while continuing to receive her educational instruction at

Cabin John. C.A.'s mother, Chandra Alston, participated in the discussions at this meeting. At

the conclusion of the meeting, the parties decided that C.A. would return home to live with Ms.

Alston, while continuing to attend school at Cabin John. DCPS agreed to provide transportation

from Ms. Alston's home to Cabin John. *See Defendants' Exhibit A, and Defendants' Exhibit B,*

*Declaration of Deidre Council.*

C.A. was placed in the home via agreement on February 14, 2006. Plaintiffs filed this

action asserting a stay put violation on May 5, 2006. 20 U.S.C. §1415 (j) provides that "during

the pendency of any proceedings conducted pursuant to this section, *unless the State or local*

*educational agency and the parents otherwise agree*, the child shall remain in the then-current

educational placement of the child."

Even if the Court accepts Plaintiffs' assertion that Grafton is part of C.A.'s educational placement for purposes of IDEA, the fact remains that Defendants and the parent *agreed that C.A. should reside in the home while attending school at Cabin John.* According, there is no stay put violation, and Plaintiffs Motion should be denied.

### 4.  Plaintiff has Failed to Exhaust Administrative Remedies.

As indicated in the Motion, Plaintiffs have asserted a violation of the stay put provision of IDEA through a due process hearing request – a proceeding specifically provided for in IDEA, and one that will consider and resolve the issues raised before the Court in this action.  To that extent, Plaintiffs' suit here is premature, and an obvious effort to end-run the applicable administrative procedures.

The courts lack jurisdiction in such a situation.  Reiter v. Cooper, 507 U.S. 258, 269 (1993); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938); Maririo v. Dickinson, 56 F.Supp.2d 74 (D.D.C. 1999); Cossio v. Hawk, 1998 U.S.Dist.LEXIS 2433 (D.D.C. 1998).

### B.  There has been no demonstration that the student will suffer irreparable harm in the absence of injunctive relief.

An essential prerequisite to injunctive relief is a sufficient showing by the plaintiffs that they will suffer irreparable harm if injunctive relief is not granted.  See, e.g., Davenport v. International Brotherhood of Teamsters, 166 F.3d 356, 360 (D.C. Cir. 1999).  See also Sampson v. Murray, 415 U.S. 61, 88–90 (1974).

> Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur.  The movant must provide proof . . . indicating that the harm is certain to occur in the near future.

Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985).

"[A]n injunction should not be issued unless the threat of injury is imminent and well-founded, *and* unless the injury itself would be <u>incapable of being redressed</u> after a final hearing on the merits." <u>Wieck v. Sterenbuch</u>, 350 A.2d 384, 388 (emphasis added). <u>See</u> <u>also</u> <u>Wisconsin Gas Co.</u>, 758 F.2d at 674. The movant has the burden to come forward with admissible evidence that he will suffer irreparable harm unless injunctive relief is granted. <u>Davenport</u>, 166 F.3d at 360.

Here, there has been no showing whatever of irreparable harm pending a resolution of the merits. Rather, Plaintiffs simply contend they are not required to argue the "formal protective hurdles" imposed by Fed. R. Civ. P. 65 because, as they assert, "the stay put provision of IDEA is an automatic or mandatory injunction." *See Plaintiffs' Motion, p. 9.* That position, however, is not legally correct.

    C.    **<u>Plaintiffs have Declined to Show either (a) that the Balance of Equities does not Favor Defendants, or (b) that the Public Interest Favors a Grant of Plaintiffs' Requested Relief.</u>**

Plaintiffs offer no showings whatever on two of the four elements, arguing no such showings are necessary since "[t]he Stay Put provision of IDEA is an automatic or mandatory injunction." *See Motion, p. 9.* In Plaintiffs' view, "[o]nce the court ascertains the student's stay-put placement, the movants are entitled to an order without satisfaction of the usual prerequisites to injunctive relief." <u>Id</u>.

Even if that were true, Plaintiffs Motion must be denied because there has been no violation of the stay put provision of IDEA.

<strong><u>CONCLUSION</u></strong>

Plaintiffs have failed entirely to support a grant of the extraordinary relief they request. There has been no showing that Plaintiffs are likely to prevail on the merits. There is no stay put

6

violation because C.A.'s educational placement has not changed.  C.A. is still attending Cabin

John Middle School.  On the other hand, if the Court accepts the premise that Grafton is a

component of C.A.'s educational placement, there has still been no violation because Plaintiffs

agreed that C.A. should remain in the home while attending Cabin John.  In addition, Plaintiffs

have not exhausted their administrative remedies.  The same issue presented herein is pending a

due process hearing.

With respect to the other three required showings for injunctive relief, the Plaintiffs have

admittedly presented nothing – they have shown neither that they would be irreparably injured in

the absence of the requested relief, nor that the balance of equities does not favor the Defendants,

nor that the public interest favors a grant of their requested relief.  Instead, the Motion simply

asserts that the stay-put provision of IDEA obviates the need for any such showings, and that

when the statute's "then-current placement" is ascertained, the Court may summarily order its

enforcement.

Defendants submit that the Motion must be denied and, the action herein should be

dismissed forthwith.

 

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**May 24, 2006**

8