DEFENDANTS' EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANDA ALSTON, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-0836(RMU) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

## DECLARATION OF DEIRDRE COUNCIL

1. My name is Deirdre Council. At all times relevant to this action I was the Residential/Inter-Agency Coordinator with OSE Nonpublic. I no longer hold this position.

2. I am familiar with Plaintiff C.A., because she was on my caseload while I was the Residential/Inter-Agency Coordinator. At that time, CA was residing at The Grafton School (Grafton) in Rockville, Maryland.

3. Grafton is a residential school located in Rockville, Maryland, that services special education students. Initially, C.A. was both a resident at Grafton and student there.

4. At some point C.A.'s status changed. While still residing at Grafton, she began attending Cabin John Middle School (Cabin John), in Potomac, Maryland. Cabin John is the neighborhood school for Grafton.

4. CA is classified as mentally retarded, and receives full time special education services at Cabin John.

5. I had periodic contact with Grafton and Cabin John when issues arose concerning C.A.'s Individual Educational Plan (IEP) or other services. However, no major issues were ever brought to my attention prior to this action.

Declaration of Deirdre Council
Alston v. D.C.
Page 2

6. In January, 2006, Grafton informed the District of Columbia Schools (DCPS) in writing and by telephone, that Grafton was closing at the end of February, 2006.

7. I promptly scheduled a placement meeting with Karen Alvarez, counsel for the mother. However, the first meeting was cancelled because the mother was unavailable. The second meeting took place on February 14, 2006.

8. On February 14, 2006, the Multidisciplinary Team (MDT) meet to discuss C.A.'s situation. All information indicated that C.A. was doing well at Cabin John, and should continue her schooling there. It was suggested that C.A. live at home once Grafton closed.

9. Although the MDT noted some aggressive behaviors not seen before, the behaviors were attributed to anxiety from Grafton closing. The MDT believed the behaviors would subside once C.A. adjusted to living at home.

12. DCPS advised C.A.'s mother that the Department of Mental Health (DMH) could provide support services to assist with C.A. living at home and that she should contact that agency. I gave C.A.'s mother a contact number for the DMH.

13. The MDT, including C.A.'s mother, agreed that C.A. would live at home, and DCPS would provide transportation to Cabin John.

14. On February 23, 2006, DCPS began transporting C.A. to Cabin John from her home in Southeast, Washington.

15. On March 23, 2006, Cabin John held an annual review meeting with Karen Alvarez and C.A.'s mother. At that meeting Cabin John indicated that it could not service C.A. without her receiving medication and psychiatric support. DCPS was not notified about this review meeting and was not in attendance.

I declare under penalty of perjury that the foregoing is true and correct. Executed: May 24, 2006.

_____
Deirdre Council