IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al.,     ) | |
|     ) | |
|   Plaintiffs,     ) | |
|     ) | |
|     v.     ) | Civil Action No. 6-0836(RMU) |
|     ) | |
| DISTRICT OF COLUMBIA, et al.,     ) | |
|     ) | |
|   Defendants.     ) | |
| _____ ) | |

**PLAINTIFFS' MOTION FOR AWARD OF INTERIM ATTORNEY'S FEES AND COSTS**

      Plaintiffs move, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 20 U.S.C. § 1415(i)(3), and Local Civil Rule 54.2(c), for an award of interim attorney's fees and costs, as prevailing parties in their action for Stay Put relief, under 20 U.S.C. §1415(j). Plaintiffs seek an award of $13,057.00 fees. The grounds for their motion are set forth in the accompanying memorandum of points and authorities.

                                 Respectfully submitted,

                                 Karen D. Alvarez
                                 Bar No. 423186
                                 1442 Foxhall Rd, N.W.
                                 Washington, D.C. 20007
                                 (202) 333-8553
                                 202-333-1546 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al.,        )<br>                               )<br>     Plaintiffs,              )<br>                               )<br>     v.                        )<br>                               )<br>DISTRICT OF COLUMBIA, et al., )<br>                               )<br>     Defendants.              )<br>_____ ) | Civil Action No. 6-0836 (RMU) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM ATTORNEY'S FEES

   Plaintiffs Chanda Alston and C.A. move for an award of interim attorney's fees and costs, as prevailing parties in their action for Stay Put injunctive relief, under 20 U.S.C. §1415(j). Plaintiffs moved for Stay Put relief in a Motion for Emergency Stay Put Relief, filed May 5, 2006. In an Order of July 17, 2006, this Court granted plaintiffs all the relief that Plaintiffs had sought in their Stay Put motion. Reasonable attorney's fees and costs for that action are recoverable pursuant to 20 U.S.C. § 1415(i)(3). Plaintiffs seek an award of $ 13,057.00 in attorney's fees.

**Plaintiffs Are the Prevailing Party**

   Plaintiffs, in their Motion for Emergency Stay Put Relief, sought Stay Put relief, requiring Defendants to maintain C.A.'s residential placement, pending determination of Mrs. Alston's Due Process

Complaint and any appeal thereof. Because C.A's current residential placement had closed, and DCPS and failed to provide a substitute placement, Plaintiffs asked the Court to order DCPS to refer C.A. for residential placement and to order DCPS to place C.A. in one such placement. This Court granted Plaintiffs that relief in its Order of July 17, 2006. Plaintiffs, consequently are the prevailing party in their Stay Put action and are eligible for an award of attorney's fees and costs. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Oil, Chemical and Atomic Workers Internat'l Union v. Dep't of Energy, 288 F.3d 452 ( D.C.Cir. 2002), 2002 U.S. App. LEXIS 9041 at 5 (plaintiff eligible for award of attorney's fees where plaintiff has been awarded some relief by a court).

**Plaintiffs' Attorney's Fees Are Reasonable**

Reasonable attorney's fees are determined by multiplying the number of hours reasonably worked by the attorney's reasonable rate. Hensley, 461 U.S. at 433. Reasonable hourly rates are the market rates prevailing in the community. The Laffey Matrix is evidence of prevailing market rates for litigation counsel in the District of Columbia. Covington v. District of Columbia, 57 F.3d 1101, 1105 n.14 (D.C.Cir 1995). Plaintiffs request an award of $ 13,097.00 in fees. See Exhibit A at 3; Exhibit B at ¶¶ 5-6. That request encompasses fees for 44.70 hours of legal work billed, generally, at the rate of $300.00 an hour. Where Plaintiffs seek reimbursement for attorney travel time, that time has been

billed at the rate of $147.50. Where Plaintiffs seek reimbursement for waiting time, that time has been billed at the rate of $90.00 per hour.

A. <u>Hours Were Reasonably Worked</u>

Plaintiffs' attorney- time records are attached hereto as Exhibit A. A breakdown of the 44.7 hours recorded in those timesheets is provided at Exhibit B. As described in Exhibit B in greater detail, the majority of that time--- 36.8 hours--- was accounted for by the following:

> Preparation of declaration: 1.5 hours;
> Preparation of Complaint, Motion & Memorandum: 17.6 hours;
> Preparation of the Reply to Defendants' Opposition: 17.7 hours;

Exhibit B at ¶ 5. The remaining 7.9 hours were expended on miscellaneous work, including correspondence and telephone calls with clients, school staff, and Defendants, travel and filing time. Those hours were reasonably necessary to accomplish the work required for these proceedings. <u>Id</u>. at 8.

B. <u>Rates Are Reasonable</u>

Plaintiffs' attorney bills at the rate of $300.00 per hour. <u>Id</u>. at ¶ 4. That hourly rate is significantly lower than that applicable under the <u>Laffey</u> Matrix. <u>See</u> Exhibit C at 1. It represents, with a $ 5.00 per hour annual increase, the rate at which Defendants have reimbursed counsel's time in prior actions last year, Appendix B at ¶ 4, and the rate which this Court previously determined to be reasonable, <u>see</u> Memorandum Opinion at 6, <u>Laster et al. v. D.C. et al</u>, 5-CV-1875 (filed July 25, 2006) .

Plaintiffs seek immediate payment of only $4,000.00 in fees. That reflects the application of the attorney fee cap applicable to IDEA actions.

WHEREFORE, Plaintiffs respectfully request that their motion for reimbursement of attorney's fees be granted.

Respectfully submitted,

Karen D. Alvarez
Bar No. 423186
1442 Foxhall Rd, N.W.
Washington, D.C. 20007
(202) 333-8553
202-333-1546 (FAX)