IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 6-0836(RMU) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY**

Plaintiffs oppose Defendants' Motion to Modify this Court's Order. On July 17, 2006 the Court ordered Defendants to place C.A. in a residential placement not later than August 7, 2006. On July 27, 2006 Defendants filed in this action copies of revised referrals to four residential facilities. Docket Doc. No. 12. On August 3, 2006, the Defendants moved to modify the Court's July 17th Order, seeking an unspecified, and potentially unlimited, amount of additional time to place C.A.

Defendants claim that they require unlimited time to comply with the Court's Order because, as of August 3, 2006, none of the four schools to which Defendants sent referral packages had yet admitted C.A. Docket Doc. 15 at 1. Defendants claim that they have no control over the process of admission or the amount of time which it may take. Id. at 2. That is not the case.

1

Defendants control : (1) the number of schools to which referrals are sent; (2) the contents of the referral packages that are sent; (3) the process of submitting those packages; (4) the contacts and conversations with admissions staff at each school; and (5) the rapidity with which Defendants respond to requests for additional information and requests for interviews.

For reasons known only to Defendants, Defendants:

(1) chose to send referral packages to only four schools[1];

(2) chose to send those referral packages by mail, and not by telefax;

(3) did not send any referral packages out until July 21, 2006---five days after receiving the Court's Order;

(4) were forced to send out corrected cover letters, because their original cover letters erroneously stated C.A.'s age, thus making her ineligible for admission to some, if not all, of the four schools in question;

(5) did not send out those corrected cover letters until July 24, 2006 ---8 days after the Court's Order, for estimated arrival 11 days after the Court issued its Order;

(6) erroneously stated, in cover letters to residential placements for children whose disability classification is, or includes,

---

[1] See Ex. B (letter of July 19, 2006 to DCPS suggesting 7 residential placements to which DCPS might refer C.A. and informing DCPS that one of those had an opening as of February 2006).

2

    "Emotional Disturbance, that C.A.'s disability code is "mentally retarded;[2]"

(7) failed to include in their referral packages either the most recent psycho-educational evaluation of C.A., or the most recent psychiatric evaluation of C.A. ---the evaluation reports that established that C.A. is a student with "multiple handicaps", including "emotional disturbance" and "moderate mental retardation.[3]"

All the foregoing decisions of Defendants assured that the process of placement would be delayed, if not fruitless.

    That Defendants have not made the efforts necessary to obtain a residential placement for C.A. is clear enough from the two facts. First, Defendants were unable to advise the Court, in their August 3rd Motion to Modify, which of the four schools did or did not have an opening for C.A.: that information should have been available if Defendants had held any telephone conversations with the admissions staff of the schools in question. Second, that Defendants have filed no further report with this Court since August 3, 2006, providing additional information.

.

.

---

[2] Defendants repeatedly have made this error. See Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Emergency Stay Put Relief at 6 . Docket Doc. No 8 (filed May 31, 2006).

[3] See Ex. C (letter of July 27, 2006 advising Defendants of need to submit evaluation reports). See also, Ex. D (2001 Psychiatric Report); Ex. E (2001 Psycho-educational Report Summary); Ex. F (March 2006 Psychiatric Discharge Report); Ex. G (1998 Clinical Psychological Report).

3

Respectfully submitted,

Karen D. Alvarez
Bar No. 423186
1442 Foxhall Rd, N.W.
Washington, D.C. 20007
(202) 333-8553
202-333-1546 (FAX)

4