UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANDA ALSTON, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-0836(RMU) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO MODIFY
THE COURT'S JULY 17, 2006 ORDER**

On July 17, 2006, this Court ordered Defendants to "place plaintiff C.A. in a residential placement on or before Monday, August 7, 2006."

Defendants filed a motion to modify that Court Order on August 3, 2006, because the schools DCPS sent C.A.'s referral packets to were still in the process of reviewing the packets, and had not yet made decisions on whether to accept C.A. into their schools.

Plaintiffs filed an opposition to Defendants' motion on August 14, 2006, arguing that Defendants have control over the admission process and the amount of time the process may take. *Plaintiffs' Opposition, p. 1.*

Plaintiffs have questioned why DCPS sent referral packets to only four schools. Generally, DCPS sends packets to only three schools, because that is usually sufficient to

get a positive response from the school. However, in this case, DCPS did send out referral packets to six schools,[1] all of which Plaintiffs' counsel, Karen Alvarez, recommended in her July 19, 2006 email to Judith Smith, DCPS Director of Federal and Family Court Monitoring. *Plaintiffs' Opposition, Exhibit B.* DCPS assumed that since the programs were selected by Ms. Alvarez, the programs were appropriate for C.A.

DCPS has received responses from most of these schools, and will report their responses to the Court at this time. Cedar Ridge cannot accept C.A. because it is a residential program for males only. The Forbush School does not accept District of Columbia residents into their school, and will not make an exception for C.A. Good Shepard School is not accepting DC. residents at this time. Villa Maria School has rejected C.A.'s application to the school because she will be too old by the time school begins in the fall. The Chesapeake Youth Academy is not accepting students at this time.

DCPS is still awaiting a response from the Benedictine School. In a follow up call to the school, DCPS was informed that the admissions coordinator is out of the office until September 6, 2006, so DCPS will not receive a response before that date.

Plaintiffs have suggested that Defendants delayed the referral process because they sent the packets by mail rather than by facsimile. Referral packets are generally voluminous documents that may keep a fax machine busy for long periods of time. The packets were sent by mail because many schools have *specifically* requested that their fax machines not be used for these purposes.

---

[1] In addition to the four schools Defendants named in its motion to modify court order, Defendant sent referral packets to the Benedictine School and to the Chesapeake Youth Academy. *See Exhibit A.*

Plaintiffs complain that the referral packets were not sent out until July 21, 2006. However, that was the date by which the Court Order specified the packets should be sent. Defendants did not violate the Court Order.

Plaintiffs argue that since the original cover letters misstated C.A.'s age, she was ineligible for admission in the schools. However, as noted above, with the exception of the Villa Maria School, C.A.'s applications were not rejected because of her age.

Plaintiffs state that in the cover letters to the residential placement schools, DCPS identified C.A. as "mentally retarded" rather than using her correct disability classification of "emotional disturbance." Defendants note that both the parent and the Individual Education Program created by the Grafton School use the term "mentally retarded" when referring to C.A. *See Plaintiffs' Motion for Emergency Stay Put Relief filed May 5, 2006, Exhibit A, and Declaration of Chanda Alston, para. 2.* DCPS was merely following their lead.

Finally, Plaintiffs argue that the referral packets did not contain C.A.'s most recent psycho-educational or psychiatric evaluations. Ms. Smith repeatedly asked Ms. Alvarez if there were any additional evaluations that should be included in the packet, and offered to include those evaluations in supplemental documents she would send to the schools. Ms. Alvarez referred to two evaluations completed in 2005, but said she had already provided them to others at DCPS, and refused to provide copies to Ms. Smith. *See Exhibit B.* For Ms. Alvarez to fault DCPS because C.A.'s most recent evaluations were not included in the referral packets, is disingenuous at best.

In addition, the 1998 and 2001 reports Plaintiffs list in their Opposition at footnote 3—which Plaintiffs believe should have been included in the packets—are too old, and are no longer relevant.

Since all but one of the schools suggested by Ms. Alvarez have rejected C.A., Defendant is exploring other options, so C.A. may be residentially placed as soon as possible. On August 18, 2006, DCPS sent out residential referral packets to four additional schools: Browne Center, Woods Services, National Children's Center, and the Pines Treatment Center. *See Exhibit C.*

None of the factors enumerated in Plaintiffs' Opposition delayed the placement process. Accordingly, Defendants' Motion to Modify the Court's July 17, 2006 Court Order should be granted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2


/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**August 21, 2006**