UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-0836(RMU) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' SHOW CAUSE MOTION

Defendants, through counsel, respectfully oppose "Plaintiffs' Contempt Motion" filed herein September 7, 2006 ("Motion").

## FACTUAL BACKGROUND

On July 17, 2006, this Court issued an Order that Defendants place plaintiff C.A. in a residential placement facility on or before Monday, August 7, 2006. On August 3, 2006, Defendants filed a "Motion to Modify the Court's July 17, 2006 Order" because, although Defendants had submitted residential referral packets to four schools by July 21, 2006, none of the schools had rendered a decision regarding C.A.'s acceptance, and in all probability would not reach a decision by August 7, 2006—the Court-ordered placement date. Plaintiffs filed an opposition to Defendants motion to modify on August 14, 2006, and Defendants replied to that opposition on August 21, 2006.

In Defendants' reply, the Court was updated on the status of C.A.'s residential referral packets. The Court was informed that DCPS had submitted residential referral packets to six schools, and all but one had denied admittance to C.A. After receiving rejections from five

schools, DCPS submitted residential referral packets to four additional schools. DCPS has informed the undersigned that the current status of those remaining applications is as follows:

The Brown Center cannot accept C.A. because of her age. Woods Services and the National Children's Center have requested additional evaluations and other documents before continuing with the admissions process. *See Exhibit A*. Benedictine School and the Pines Treatment Center informed DCPS orally that they need an updated psychological evaluation before continuing with the admissions process.

In light of these requests for additional evaluations, Defendants forwarded an Evaluation Consent form to Plaintiffs' counsel, Karen Alvarez, to be signed by Ms. Alston. *See Exhibit B*. Once DCPS receives the signed Evaluation Consent form, the evaluations will be conducted and the results will be forwarded to the four schools.

Pending placement at a residential treatment facility, C.A. was to continue attending the Cabin John School, her Court Ordered stay put placement. Undersigned counsel informed Ms. Alvarez that DCPS could not transport C.A. until the mother agreed to her placement there. *See Plaintiffs' Motion, Exhibit D*. Although not clearly stated in the email, what undersigned counsel meant by that statement was that the mother had to sign Montgomery County's "Determination of Residency and Tuition Status." Undersigned counsel clarified this confusion in a subsequent email (*see Exhibit C),* and provided a copy of the form to Ms. Alvarez. *See Exhibit B*.

Unfortunately, DCPS has been informed by Cabin John that despite C.A.'s previous attendance at the school, and that DCPS will continue to pay her tuition at the school, Cabin John will not admit C.A. because she is not a Maryland resident. Cabin John has stated that they do not have enough room for their own (Maryland residents) special education children. Defendants have relayed this information to Plaintiffs.

2

Defendants have suggested that C.A. attend Spingarn's special education program pending placement in a residential treatment facility. Defendants are also willing to place C.A. in a private day school of Plaintiffs' choosing located in the District of Columbia, pending placement in a residential treatment facility.

Plaintiffs' Motion requests that Defendants be held in contempt of this Court's July 17, 2006, Order because Defendants did not place C.A. in a residential treatment facility by August 7, 2006, and because Defendants allegedly denied Plaintiffs' transportation request.

## ARGUMENT

**A. The Applicable Legal Standards.**

While this Court has the inherent authority to enforce its orders through the exercise of contempt powers, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), two elements must be established before a party may be held in civil contempt. First, the Court must have issued an order that is clear and reasonably specific. Armstrong v. Exec. Off. of the Pres., 303 U.S.App.D.C. 107, 1 F.3d 1274, 1289 (1993). See also, e.g., Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) ("civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous"). Second, the party as to which contempt is sought must have violated the Court's order. Armstrong v. Exec. Off. of the Pres., supra, 1 F.3d at 1289.

The burden of proof in civil contempt proceedings rests on the moving party. Food Lion, Inc. v. United Food and Commercial Workers Int'l Union, 322 U.S.App.D.C. 301, 103 F.3d 1007, 1016 (1997). The movant must prove the two elements of civil contempt – the existence of a clear and reasonably specific order, and a violation of the Court's order – by clear and convincing evidence. Id. See also Washington-Baltimore Newspaper Guild, Local 35 v.

Washington Post Co., 200 U.S. App. D.C. 165, 626 F.2d 1029, 1031 (D.C. Cir. 1980) (the asserted violation must be proved by "clear and convincing" evidence).

At this preliminary stage, the ultimate question of contempt is not before the Court; the question here is whether the Court should issue the requested show cause order. And while the Plaintiffs are not now "required to show by clear and convincing evidence that the defendant[s] should be held in contempt, . . . the Court must have some indication that sufficient evidence exists that the Court might find evidence sufficient to hold defendant[s] in contempt." Stewart v. O'Neill, 225 F.Supp.2d 6, 10 (D.D.C. 2002).

In fact, as shown below, Plaintiffs have shown nothing on the basis of which the Court could reach such a conclusion.

B. **Defendants have made every attempt to comply with the Court's Order.**

To date, Defendants have submitted residential referral requests to *ten* schools. Six of the schools have rejected C.A. The four remaining schools will not proceed with the application process until they receive updated evaluations from DCPS. Once DCPS receives the signed Evaluation Consent form from Plaintiffs, the evaluations will be conducted.

Defendants were initially told by Cabin John that the school could not admit C.A. until they received the signed Residency and Tuition form from the student's mother. Cabin John has now informed DCPS that C.A. cannot attend the school because she is not a Maryland resident. Because of Cabin John's position on C.A.'s admittance, Defendants are unable to comply with the Court's stay put provision imposed in Laster v. District of Columbia, Civ. No. 05-1875, (D.D.C. September 28, 2005), Memorandum Opinion at p. 8.

No contempt finding is permitted where a contemnor shows that he substantially complied with a court order *or if he demonstrates his inability to comply with the terms of the*

4

*court order*.  Chairs v. Morgan County, 143 F.3d. 432, 436 (11th Cir. 1998); NAACP, Jefferson County Branch v. Brock, 619 F.Supp. 846, 849 (D.D.C. 1985); Food Lion v. United Food & Commercial Workers Union, 103 F.3d 1007, 1017 (D.C.Cir. 1997).  Defendants are unable to comply with the Court's stay put Order because Cabin John will no longer accept C.A.

## CONCLUSION

As discussed above, Defendants have made every effort to comply with the Court's Order.  Defendants cannot place C.A. in a residential treatment facility until she is accepted into such a facility.  Accordingly, Plaintiffs' Motion must be denied.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General, D.C.

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

        /s/ *Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651

**September 18, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHANDA ALSTON, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-0836(RMU) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## **ORDER**

Upon consideration of Plaintiffs' Contempt Motion, and Defendant's Opposition thereto, it is this _____ day of September, 2006,

**ORDERED** that Plaintiffs' Contempt Motion is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE