UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-0836(RMU) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' CONTEMPT MOTION

For the reasons stated below, Plaintiffs respectfully request that the Court issue an order requiring Defendants to show cause why they should not be held in contempt of this Court's Order of July 17, 2006.

### I.
### Defendants Had No Intention to Maintain C.A.'s Cabin John Placement

Classes at Cabin John MS began on August 28, 2006. Ex B at Para.18. In prior years, Grafton staff informed Ms. Alston that DCPS' applications for enrollment of C.A. at Cabin John were required by July 15th of each year. Id. at Para. 17.

Defendants concede that they have not maintained C.A.'s day-program placement at Cabin John MS. Docket Doc. No. 19 at 2, 4. Defendants provide no evidence whatsoever that they made any attempt to enroll CA at Cabin John before Plaintiffs' advised them that Plaintiffs would seek sanctions if bus transport were not started immediately. See Docket Doc. 18, Ex. B (Plaintiffs' Letter of August 31, 2006).

*Ex. C (DCPS response); Ex. D (DCPS claim that DCPS required Plaintiff's consent to "placement" of CA at Cabin John)(requesting consent)*.

Defendants, nevertheless, assert that they have "made every effort" to comply with this Court's Stay Put ruling. Docket Doc. No. 19 at 2, 4. They claim that they are unable to maintain her placement for reasons beyond their control. Id. Defendants present no evidence in support of this claim, which is unsupported by any affidavit or declaration or copies of any correspondence with the Montgomery County Public Schools. See id. at 2-4.

More specifically, Defendants present no copy of any application, by DCPS, to the principal of Cabin John MS or to the Montgomery County Public Schools (MCPS) Residency Compliance Services, for permission for CA to enroll at Cabin John. See, id. Defendants present no copy of any response from MCPS. See id.

MCPS policies require that DCPS submit an application to the principal of Cabin John MS and to Residency Compliance Services before MCPS will consider whether to admit C.A. See Ex. A at 2-4 (Residency Compliance Unit makes decision on enrollment of non--resident students); id. at 8 (Residency Compliance Unit reviews request for non-resident student providing the enrollment is approved by principal/designee)(Residency logs the receipt date, establishes file to include request form and supporting documentation filed with application); id at 10-11 (Residency Unit will complete forms, notify the parent/eligible student, send a copy of its decision to principal).

Defendants' plan was not to enroll C.A. at Cabin John MS, but to enroll her in

a DCPS day program at Browne Center. See Docket Doc. No. 17, Ex. C (Aug. 18, 2006 referral to Browne Center). See also Docket Doc. No. 19 at 2 (Defendants informing Court that CA rejected by Browne Center for which she is under-aged).

## II.
## Defendants Defy this Court's Order of July 17, 2006

Defendants similarly claim that they have made every effort to locate a residential placement for CA. Id. at 2, 4. As with their claims regarding Cabin John, Defendants' Opposition to Plaintiffs' contempt motion rests largely on mere representations of their counsel: no affidavit or declaration is presented in support of those representations or claims.

Defendants currently have students placed in 91 different residential placements. DCPS Board of Education Ad Hoc Committee on Special Education White Paper at 17 (Jan. 13, 2006)(www.k12.dc.us /dcps/boe/SPED-Paper_0106.pdf).

Here, however, Defendants have referred CA to only nine schools, several of which, by their account, rejected her out of hand, because they did not accept DCPS students. Those rejections, did not, however, lead Defendants to consider referring CA to any of the remaining 85 or so residential schools currently attended by DCPS students.

The gist of Defendants' defense, both in this Opposition and in their Reply to Plaintiffs' Opposition to their motion to amend the Court's July 17 Order, appears to be that their sole obligation is to make a showing of having sent out a handful of referral letters. See Docket Doc. No. 15 at 1 (although operating under Court order to place child within three weeks Defendants initially mailed only 4 referral packages); id. (none of schools would inform DCPS when it might decide whether to admit C.A.); id at 1-2 (none might accept

C.A, therefore DCPS seeks to lift all time limits without first issuing additional referral packages). See also Docket Doc. No. 19 at 1-2 (noting, incorrectly, referrals now totaling 10 residential schools)(inaccurately including Browne School in the total of residential referrals).

Defendants submitted no evaluations with the referral packages that they sent out. See, e.g. Docket Doc. No. 17 at 3 and Ex. B thereto (Defendants sent no evaluation reports with referral packages); id. at 4 (1998 and 2001 evaluation reports that Plaintiffs' list in Opposition to Motion to Amend are too old). Defendants now seek to bolster their earlier inaction with another, purely pretextual, rationale: that, purportedly, schools that have not rejected C.A. now insist that current evaluation reports be provided before those schools will further consider admitting C.A. See id. at 2. Defendants submit, at Exhibit A, letters from two schools, Woods and NCC, which Defendants assert supports that proposition. But see id., Ex. A at 1 (Woods Letter)(requesting report with IQ scores, not current report with IQ scores); Ex. A at 2 (NCC Letter)(demanding much more than updated psychological and psychiatric testing).

That Defendants' demand for new psychological and psychiatric evaluations is, in fact, mere pretext is apparent from the fact that (1) Plaintiffs were able to obtain for C.A. interviews at three residential placement schools and (2) that those offers of interviews relied on only the evaluation reports attached to Plaintiffs' Opposition to Defendants' Motion to Amend. See Ex. B at Para. 8-15 (interviewed by Kanner Center and Advoserv, to be interviewed on August 28 by Woods). See also Ex. C (Woods Letter of Aug. 24, 2006)(will interview C.A.). All of the evaluations and diagnoses to which these

schools responded with an offer of an interview have been in Defendants hands since well before this Court's Order of July 17, 2006. See Ex. B at Para. 2- 7.

                                      Respectfully submitted,

                                      Karen D. Alvarez
                                      D.C. Bar No.423186
                                      1442 Foxhall Road, N.W.
                                      Washington, DC  20007
                                      (202) 333-8553

Case 1:06-cv-00836-RMU    Document 20    Filed 09/26/2006    Page 6 of 6