IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANDA ALSTON, et al.,            )
                                  )
    Plaintiffs,                   )
                                  )
    v.                            ) Civil Action No. 06-0836(RMU)
DISTRICT OF COLUMBIA, et al.,     )
                                  )
    Defendants.                   )

## DECLARATION OF CHANDA ALSTON

I, Chanda Alston, a citizen of the United States over the age of eighteen years, declare as follows:

1. I am a Plaintiff in this action. I am the mother of Chanette Alston and we reside at 1911 Savannah Street, S.E., Washington, D.C.

2. Chanette was independently evaluated in 1998, by Dr. Joanne Booth, who performed clinical psychological testing, including I.Q. testing; in 2001, by Dr. Karen Kent and colleagues at the Kingsbury Center who performed both clinical psychological and I.Q. testing; and, also in 2001, by Sheila Sontag, M.D., who performed a psychiatric evaluation.

3. Those independent evaluations were ordered by impartial hearing officers and were submitted upon completion to DCPS for DCPS review and payment.

4. As required by DCPS regulations, Dr. Booth's evaluation report subsequently was submitted to DCPS' Office of General Counsel, in connection with two Due Process

Complaints, hearings of which were held on September 24, 1999 and September 11, 2001.

5. The evaluation reports of Dr. Kent and Dr. Sontag were subsequently submitted to the DCPS Office of General Counsel and to Office of the Corporation Counsel, now the Office of the Attorney General, in connection with a claim filed on February 26, 2002 pursuant to the Blackman-Jones class action, Civil Action No. 97-1629, and heard by Special Master Elise Baach on March 1, 2002, which resulted in Chanette's placement at Grafton School.

6. The evaluation reports of Dr. Kent and Dr. Sontag were again submitted to DCPS' Office of General Counsel in connection with the Due Process Complaint heard on August 8, 2003, which resulted in a Hearing Officer's Determination requiring DCPS to fund Chanette's day-program placement at Cabin John MS.

7. In March 2006 Chanette was admitted to the Psychiatric Ward at CNMC. CNMC's discharge diagnosis of Chanette, diagnosing Chanette as suffering from "Schizophrenform Disorder and Mental Retardation", dated March 24, 2006, was submitted to DCPS' Office of General Counsel on July 14, 2006, as part of the disclosure required by DCPS regulations in connection with the Due Process Complaint filed May 5, 2006.

8. On August 21, 2006 the Assistant Attorney General filed her Reply to my Opposition to DCPS' motion to amend this Court's Order.

9. On August 21, 2006, my attorney contacted Steven Silverman, Admissions Director of the Devereux School's Kanner Center in West Chester, Pennsylvania. The Kanner Center is a licensed special education residential school for students who are mentally retarded

and emotionally disturbed. She e-mailed the 1998 and 2001 evaluation reports, along with the March 2006 CNMC discharge diagnosis to Mr. Silverman. After reviewing those materials, Kanner Center arranged to interview Chanette. On August 25, 2006 Chanette and I traveled to the Devereux Kanner Center for an admissions interview. I was informed on September 1, 2006 that the Kanner Center considered that Chanette's psychiatric needs were too great for her to benefit from their program.

10. On September 1, 2006, we contacted Advoserv Services, a program for students with mental retardation and emotional disturbances that operates licensed special education residential facilities in Delaware and New Jersey. Advoserv reviewed Chanette's 1998 and 2001 evaluations and CNMC's March 2006 discharge diagnosis. On September 7, 2006 Denis Reardon, Admissions Director for Advoserv, scheduled an interview for Chanette and myself on September 14, 2006 at their campus in Bear, Delaware. On September 20, 2006 I was informed that Advoserv continues to review Chanette's application. I have attached a copy of material concerning Advoserv and a copy of a letter from Michelle Yamashita, Assistant Admission's Director for Advoserv.

11. On September 13, 2006 my attorney received a telefax transmission from Assistant Attorney General Veronica Porter containing a letter dated August 24, 2006 from Gail Martino, Assistant Director of Admissions for the Woods School, advising DCPS that Woods had received their referral package and requesting copies of evaluations of Chanette.

12. On September 14, 2006, I spoke with Ms. Martino, who informed me that DCPS had not included in their referral package to the Woods any prior evaluations of Chanette and had not, as of that date, made any response to Ms. Martino's letter of August 24th.

13. That same day my attorney e-mailed to Ms. Martino copies of the 1998 and 2001 evaluation reports and of the March 2006 CNMC discharge diagnosis. Attached is a copy of her e-mail to Ms. Martino.

14. On September 19, 2006 I was informed that The Woods had reviewed the evaluation reports provided by my attorney and that the Woods wished to interview Chanette.

15. On September 20, 2006 Ms. Martino confirmed by letter that the Woods would interview Chanette. On September 21, 2006 The Woods scheduled an interview for Chanette and me with Assistant Director Ryan Garrison on this Thursday, September 28, 2006. I have attached a copy of Ms. Martino's letter.

16. Other than Woods School, which I contacted, I have not been contacted by any school to which DCPS reportedly has referred my daughter.

17. I was told by Melissa Phillips of Grafton School in Summer 2005 that the Montgomery County Public School System ("MCPS") required that application for enrollment at Cabin John MS, with executed tuition payment forms, be submitted by July 15 of each year.

18. Classes began at Cabin John MS on August 28, 2006. No DCPS bus appeared on that date to transport Chanette to Cabin John.

19. I have not been informed by the Montgomery County Public Schools that DCPS has made any application to that school system to permit Chanette's enrollment at Cabin John MS and I have not been provided a copy of any such application by DCPS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

September 25, 2006

Chanda Alston