UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-0836(RMU) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**NOTICE**

During the conference call among Counsel for Defendants, Counsel for Plaintiffs and the Court's Law Clerk, Plaintiffs were asked to provide the Court with a brief statement explaining why, in Plaintiffs' view, the Stay Put action before this Court may not be closed.

Plaintiffs filed a Due Process Complaint before the DCPS Student Hearing Office on May 5, 2006, pursuant to 20 U.S.C. § 1415 (b)(6). Predicated upon the filing of that Due Process Complaint and on that same date, Plaintiffs filed this Complaint for Stay Put injunctive relief , pursuant to 20 U.S.C. § 1415(j). That section requires that "during the pendency <u>of any proceedings conducted pursuant to this section</u>....the child shall remain in the then-current educational placement of the child.... "Proceedings pursuant to this section" include, *inter alia*, any appeal from the decision of an impartial hearing officer,

brought as a civil action in a district court of the United States, under 20 U.S.C. § 1415 (i)(2)(A). Accordingly, Stay Put injunctive relief continues through the conclusion of any appeal taken to a federal district court. 34 C.F.R. § 300.514(a) (Stay Put applies during pendency of any administrative or judicial proceeding regarding a complaint).

As the parties noted in the Status Report filed on March 19, 2007, the Due Process Complaint filed by Plaintiffs with the Student Hearing Office on May 5, 2006---on which Plaintiffs' Complaint for Stay Put injunctive relief was predicated--- was heard and a Hearing Officer's Determination was entered on January 18, 2007. The parties further noted in their Status Report that Plaintiffs intend to file an appeal of that decision this week. Pursuant to 20 USC § 1415(j) and 34 CFR § 300.514, the Stay Put injunction issued by the Court should continue in effect until the conclusion of that appeal. Because Stay Put relief is in the nature of interim relief, it appears to Plaintiffs that, were the Court to close the Stay Put case, the injunction would terminate.

This is a matter of immediate concern to Plaintiffs because, at the first session of the Due Process Hearing, on July 21, 2006, Defendants moved to dismiss Plaintiffs' Due Process Complaint on the grounds that it was mooted by the Stay Put injunction that this Court issued. The Hearing Officer, over Plaintiffs' objection, held that Plaintiffs' claim for a "permanent" appropriate placement of C.A.—that is a placement that was not merely in the nature of a *pendent lite* placement--- was mooted by the Stay Put injunction, which, DCPS

argued, and the Hearing Officer held, constituted all the relief that might be granted as to Plaintiffs' claim for an appropriate placement

A copy of the Hearing Officer's Determination is attached.

                                              Respectfully submitted,

                                              Karen D. Alvarez
                                              D.C. Bar No.423186
                                              1442 Foxhall Road, N.W.
                                              Washington, D.C.  20007
                                              202.333.8553

**March 21, 2007**