# District of Columbia Public Schools
## State Enforcement Investigative Division
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: January 19, 2007

TO: Karen D. Alvarez

FROM: STUDENT HEARING OFFICE

RE: Alston, Chanette

TOTAL NUMBER OF PAGES, INCLUDING COVER: 11

COMMENTS:

***CONFIDENTIALITY NTOICE***: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| Chanette Alston ) | |
| Date of Birth: 09/19/92 ) | **DECISION AND ORDER** |
| Petitioner, ) | |
| ) | Hearing Request: May 5, 2006 |
| vs. ) | Cont. Hearing Date: January 8, 2007 |
| ) | Held at: 825 North Capitol Street, N.E. |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Home School: Non-Attending ) | Washington, D.C. 20002 |
| Attending: Woods Services ) | |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| Parent: | Chandra Alston, Mother<br>1911 Savannah Street, S.E.<br>Washington, D.C. 20020 |
| Counsel for the Parent/Student: | Law Office of<br>Karen D. Alvarez, Esq.<br>Attorney at Law<br>1442 Foxhall Road, N.W.<br>Washington, D.C. 20007 |
| District of Columbia Public Schools: | Tiffany S. Puckett, Esq.<br>Attorney Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

1

## I. JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II. DUE PROCESS RIGHTS

Parents' counsel waived a formal reading of the due process rights.

## III. FIVE-DAY DISCLOSURES

Petitioner: Admitted, without objection, a disclosure letter filed on 12/29/06 that lists six witnesses and attached twenty-two exhibits sequentially labeled CA-01 through CA-22. One witness was present, the student's mother. Three witnesses testified by-phone: Theresa Becker, Woods Services' Education Director; Mark Reber, M.D., Woods Services' Director of Psychology; and Melissa Scalzo, Woods Services' Psychologists. The only matter for resolution is compensation education.

Respondent: Admitted, without objection, a disclosure letter filed 10/18/06 that lists five witnesses and attached three exhibits sequentially labeled DCPS-01 through DCPS-03. No witnesses were present or called to testify. The only matter for resolution is compensation education.

## IV. STATEMENT OF THE CASE

C.A., born 09/19/92, age 14-years 4-months, is a child with a disability receiving her special education and related services as a 100% out-of-general education, Multiple Disabled (MD)—OHI and Mentally Retarded (MR) student attending Woods Services located in Langhorne, Pennsylvania. (R. at CA-09)

On May 5, 2006, Karen D. Alvarez, parents' counsel, filed a Due Process Hearing Request complaining that DCPS violated the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §§ 1400 et seq., and denied C.A. a Free Appropriate Public Education (FAPE) by failing to provide her an appropriate placement to implement her IEP for the 2005-06 school year. (R. at CA-01.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing for 3:00 p.m., Friday, July 21, 2006 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Due to a pending case filed in the United State District Court for the District of Columbia that addressed the student's educational placement, the case was continued by the parent until C.A. was placed so that a determination could then be made as to whether C.A. could benefit from compensatory education. After granting several subsequent requests for continuances filed by the parent the hearing was continued until January 8, 2007. That hearing convened as scheduled.

Attorney Advisor Tiffany S. Puckett appeared in-person for DCPS. Attorney Karen D. Alvarez appeared in-person representing the student who was not present and her mother who was present. The sole relief sought was compensatory education based on C.A. not having an educational placement from 02/18/06 until 11/28/06.

## V. SUMMARY OF THE EVIDENCE

The parties' five-day disclosure exhibits and the testimony of these four witnesses: the student's mother; Theresa Becker, Woods' Services Education Director; Mark Reber, M.D., Woods Services' Director of Psychology; and Melissa Scalzo, Woods Services Psychologists are relied upon in reaching the decision. And these admitted exhibits are probative on the sole issue in this case:

1. CA-01   The 05/05/06 Due Process Hearing Request
2. CA-09   The 12/20/06 IEP
3. CA-10   The 12/20/06 Semi-Annual Psychological Assessment Report
4. CA-11   The 12/08/06 Psychiatric Evaluation Report
5. HO-01   The 07/17/06 U.S. District Court Order

### Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) codified at 20 U.S.C. §§ 1400 et seq., and deny C.A. a Free Appropriate Public Education (FAPE) for the 2005-06 by failing to provide her an appropriate placement to implement her IEP from 02/18/06 until her placement at Woods Services on 11/28/06 and, if so, could C.A. benefit from compensatory education services in the form of extending her special education eligibility nine (9)-months beyond her 22nd birthday?

### Answer

No. Although DCPS did not provide C.A. a timely placement, the parent did not prove that the appropriate relief for that failure is compensatory education in the form of extending C.A.'s special education eligibility for nine (9)-months beyond her 22nd birthday.

3

## V. FINDINGS OF FACT:

1. C.A., born 09/19/92, age 14-years 4-months, is a child with a disability receiving her special education and related services as a 100% out- of- general education, Multiple Disabled (MD)—OHI and Mentally Retarded (MR) student attending Woods Services located in Langhorne, Pennsylvania (R. at CA-09)

2. Pursuant to the 7/17/06 order issued by the United State District Court for the District of Columbia DCPS was ordered to "place C.A. in a residential placement on or before Monday August 7, 2006." (R. at HO-01)

3. According to the undisputed testimony of Theresa Becker, Woods Services' Education Director:

    a. She was being called as a witness by and for the parent but did not want to testify unless compelled. So parent's counsel compelled her testimony.

    b. According to Ms. Becker C.A. enrolled at Woods Services on 11/28/06.

    c. C.A.'s IEP for the 2006-07 school year was developed on 12/20/06. That IEP which includes ESY services is being implemented at Woods Services.

    d. She thought C.A. could benefit from extending her IDEIA special education eligibility for nine (9)-months beyond her 22nd birthday because C.A. is a slow learner with academic deficits. She could not, however, say what services C.A. could benefit from if the extension was granted. She said that would have to be determined later based on her existing needs at that time.

4. According to the credited testimony of Melissa Scalzo, Woods Services' Psychologist:

    a. She met and began to provide psychological services to C.A. on 11/28/06.

    b. All of the services C.A. needs are being provided to her on her IEP.

    c. And she cannot think of anything C.A. needs beyond the level of services called for in her IEP.

5. According to the credited testimony of Mark Reber, M.D., Psychiatrist and Woods Services' Director of Psychiatry:

    a. He evaluated C.A. and found that she had her one and only psychotic episode in March 2006 that required hospitalization. The episode was her

response to learning that her then DCPS school placement was closing resulting in her having to go to another school the next school year.

    b. Based on that single psychotic episode, he is not sure if it would ever recur.

    c. So he does not recommend anything [additional services] over what C.A. is presently receiving on her IEP.

6. Based on the testimony of the parent's witnesses, there is no record evidence to find that C.A. needs or could benefit from extending her special education eligibility for nine (9)-months beyond her 22nd birthday.

## VII. DISCUSSION and CONCLUSIONS OF LAW:

### I

**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. § 1400 et seq. and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is ...based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes...an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

    1. At the beginning of each school year, each local educational agency ... shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. DCPS complied with these cited IDEIA obligations because C.A. has a current IEP and placement; and there is no challenge to the appropriateness of her 12/20/06 IEP and placement. (R. at CA-09)

6. The parent's only claim is that because C.A. did not have an educational placement from 02/18/06 until 11/28/06 it should be compensated for with a compensatory education award. (R. at CA-01)

7. So based on that claim, the parent is required to meet the Reid test for the hearing officer to award Compensatory Education. The parent did not meet that burden. Here is why.

8. The parent's requested relief, Compensatory Education, was not supported by any credible evidence that complies with the standards established in Reid v. District of Columbia, 401 F.3d 516, 523-24 (D.C. 2005), that held, "Compensatory Education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a period of time to provide a FAPE to a student."

9. Pursuant to Reid v. District of Columbia, 401 F.3d 516, 522 (D.C. 2005), "Under the theory of 'compensatory education' courts and hearing officers may award educational services ... to be provided prospectively to compensate for a past deficient program."

10. "The ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Reid, 401 F.3d at 524.

11. Joining sister circuits, the District of Columbia Circuit Court held that "Compensatory Education awards fit comfortably within the 'broad discretion' of courts fashioning and enforcing IDEA remedies, see Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15-16 (1993)." Reid, 401 F.3d at 523.

12. In sum, the Reid decision expressly states that courts and hearing officers may award Compensatory Education. Reid, 401 F.3d at 522. However, a BLMDT, as required under the IDEIA, includes LEA and SEA representatives who are employees of the state, who, under the IDEIA, cannot conduct due process hearings. So if a hearing officer ordered a BLMDT to decide the parent's Compensatory Education claim, that team is being ordered to engage in a function reserved to courts and hearing officers. And, according to Reid, "under the statute [IDEIA] a hearing officer may not delegate his authority to a group that includes an individual

6

specifically barred from performing the hearing officer's functions." Reid, 401 F.3d at 526.

13. Consequently, in the absence of an agreement between the parties that a certain type, form and amount of Compensatory Educations services are warranted, Compensatory Education is not an appropriate subject of discussion for a BLMDT pursuant to a hearing officer's decision. Therefore, a BLMDT is not being ordered to decide Compensatory Education services.

14. The parent, therefore, must meet the Reid test to receive a Comp Ed award. And in this matter, the parent did not meet that burden.

15. That is because the parent provided no evidence about how the requested nine (9)-month extension of special education eligibility after C.A. is age 22 was "reasonably calculated to provide educational benefits that likely would have accrued from special education services the school should have supplied in the first place." Reid, 401 F.3d at 524.

16. Instead, the parent's sole position was the student's eligibility should be extended. Yet not one of parent's three witnesses provided evidence in compliance with the Reid test.

17. In fact, according to the testimony of the three parent compelled witnesses from Woods Services' staff, not one of them said C.A. needs or could benefit from services beyond those called for in her 12/20/06 IEP. And all of them said they could not say now at age 14 what C.A.'s special education service needs, if any, would be when she is age 22.

18. And there is no other record evidence that predicts at age 14 what C.A. needs would be at age 22.

19. So there was no evidence presented at the due process hearing that complied with Reid that held, "an ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Reid, 401 F.3d at 524. So no compensatory education is awarded.

20. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)."

21. The parent, who filed the hearing request, had and did not meet their burden of proof in this case because the parent:

   a. failed to meet the <u>Reid</u> test for the hearing officer to award Compensatory Education.

Therefore, in consideration of the record evidence, the hearing officer finds that DCPS did not deny C.A. a FAPE, and issues this:

## **ORDER**

1. The parent's 05/05/06 Due Process Hearing Request is dismissed, with prejudice.

2. There is no finding that C.A. was denied a FAPE.

3. This Order resolves all issues raised in the student's 05/05/06 Due Process Hearing Request that is dismissed, with prejudice; and the hearing officer made no additional findings.

This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days of this Order's issue date pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B).

_____    1/18/07
Frederick E. Woods                 Date
Hearing Officer

Issued: 01/19/07
DCPS Student Hearing Office

8

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*

| | |
|---|---|
| In the Matter of )<br>)<br>C. A.           )<br>   Petitioner, )         **IMPARTIAL**<br>    vs.        )     **DUE PROCESS HEARING**<br>               )<br>The District of Columbia Public Schools, )<br>Non-Attending Student )<br>               )<br>   Respondent. ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

**Case Information:**   Hearing Request Date: May 5, 2006
**Continued Hearing Date: January 8, 2007**
Held at:   825 North Capitol Street, N.E.
               Eighth Floor
               Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: September 19, 1992
Attending School: Woods Services
Managing School: DCPS Non-Public School Unit

## **CERTIFICATION OF RECORD**

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's SHO file are either the original or true copy of the original documents submitted in this matter.

Executed this __18th__ day of __January__, 2007

_____
Due Process Hearing Officer

Re: MATTER OF
C. A. v. DCPS, NON-PUBLIC SCHOOL UNIT

# RECORD OF PROCEEDINGS

**DATE:**      **DESCRIPTION:**

| | |
|---|---|
| 05/05/06 | Due Process Hearing Request Filed by Parents |
| 12/04/06 | Interim Order Notice of Due Process Hearing Date Sent to Parties |
| 01/08/07 | Due Process Hearing Convened; Completed; Audio Recorded in—HR # 1, Start Time 1:20 p.m. – End Time 3:45 p.m. |
| 01/18/07 | Hearing Officer's Decision Filed with the SHO |
| 01/18/07 | Hearing Officer's Decision Issued by the SHO |

_____       1/18/07
Frederick E. Woods            Date
Due Process Hearing Officer